MARÍA AUGY MATHELIN ET AL., Plaintiffs and Appellants, *v.* LUIS SARIEGO ET AL., Defendants and Appellees.

No. 8266. Argued December 18, 1941.—Decided January 15, 1942.

*E. H. F. Dottin* for appellants. *J. Pedro Miranda* for the Sariego-Selosse spouses, appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The essential facts of the instant case, on which there is no controversy between the parties, are as follows:

María Augy and her children Gilberto and Magdalena Selosse Augy, plaintiffs herein, and Margarita and Marcelina Selosse Augy, also her children and defendants herein, own, each of them, one-fifth interest in a tract of land lying in Hato Rey and measuring 39.02 *cuerdas.* This tract is crossed over its whole length from north to south by a private road for the use of the co-owners of the estate. The tract appears of record as an undivided jointly owned property belonging, share and share alike, to María Augy, Gilberto Selosse, the spouses Luis Sariego and Margarita Selosse, and the spouses Marcelino Selosse and Tomasa Mas.

One June 16, 1933, Guillermo, Marcelino, Margarita, and Gilberto Selosse jointly bought the aforesaid tract from their father Augusto Selosse, who had already divorced his wife María Augy. Magdalena Selosse, youngest sister, was a minor at the time. For the above reason and on the ground that the property in question was subject to a mortgage which it was necessary to cancel in order to mortgage the tract again, Magdalena did not appear as purchaser, but it

was agreed that as soon as she became of age, the tract would be partitioned and one-fifth interest therein allotted to her.

In August, 1935, Magdalena Selosse having already become of age, the tract was surveyed, divided into five parcels, and one parcel respectively allotted to each co-owner who immediately took possession of his or her parcel. Ever since that time each co-owner has been in possession of his respective parcel, has paid the taxes thereon, and has contributed to the payment of the instalments of, and interest on, the mortgage to the Federal Land Bank of Baltimore.

In April, 1936, the owners of the five parcels had a new plat made of the whole tract and of the five parcels such as they had been allotted and have ever been in the possession of their respective owners. The object of the new plat was the correction of certain deficiencies of the original plat which failed to show the location of the buildings erected on said parcels, the servitudes thereon, the road constantly in use, and another road whose building had been planned along the east side of the tract. As no partition deed has been executed, the record of the tract has continued in the name of the four purchasers, without including Magdalena. Upon the death of Guillermo Selosse Augy on December 4, 1937, his interest in the tract was allotted to, and recorded in the name of, his heir and mother María Augy, who took possession of the parcel that had belonged to her deceased son.

It is alleged in the complaint filed in the present action that in 1938, and in accordance with instructions from all the parties in interest, Notary Dottin prepared a draft of a deed of partition allotting to each of them the parcel already in his or her possession ever since 1935; that all the parties in interest approved and signed said draft, except the spouses Margarita Selosse and Luis Sariego, who refused to sign the same because of personal disagreements with plaintiff María Augy and for no other purpose than to obstruct the

plaintiffs in the enjoyment of their respective parcels; and that the spouses Marcelino Selosse and Tomasa Mas were made parties defendant upon their refusal to appear as plaintiffs. It is further alleged that it is the plaintiffs' desire to discontinue the joint ownership of record, and they pray for a judgment declaring Magdalena Selosse Augy to be the owner in fee-simple of parcel *C* described in the complaint, ordering the execution of the proper deed of partition and allotment of the five parcels, and adjuging the defendants to pay the costs, disbursements, and attorney's fees.

The Sariego-Selosse spouses answered the complaint and admitted all the facts alleged therein. They admitted having refused to sign the deed of partition, though not because of disagreements between them and María Augy but because said plaintiff wishes to establish upon the parcel allotted to the Sariego-Selosse spouses three servitudes of passage in favor of her parcel. They pleaded as special defense that the whole tract was divided into two parts by a road from east to west; that in the partition made, the parcel of plaintiff María Augy was shut in by the parcel belonging to the spouses Sariego-Selosse who are willing to grant her an easement of right of way over the shortest way most convenient for both parcels; that the said plaintiff insists on being allowed a right of way cutting in two the parcel of defendants who have refused to do so, such being the only reason for the refusal of the said defendants to sign the deed of partition.

Defendants Marcelino Selosse and his wife failed to answer the complaint and their default was entered.

On February 19, 1940, the District Court of San Juan rendered judgment against the plaintiffs who were adjudged to pay the costs. In the opinion in support of the judgment appealed from, the trial court expressed itself as follows:

"The plaintiffs herein are seeking an order of the court compelling them and the defendants to execute a deed of partition and allotment of the parcels of land in their possession and which are

part of the estate described in the second paragraph of the complaint. They pray, however, that such partition be made in the way determined by themselves in connection with a road which existed on the estate and which they now desire to be constituted into a servitude of passage over the parcel of defendants Luis Sariego and his wife Margarita Selosse Augy who do not object to the execution of the deed of partition and allotment but to the establishment of such servitude in the deed.

"The evidence introduced at the trial fully showed that the action prosecuted herein was unnecessary as there is no controversy between the parties as to the fact that the tract can be partitioned, that each of the Selosse brothers and sisters and their mother María Augy are in possession of the parcels respectively allotted to them in the partition which they themselves made of the tract in question, but that the plaintiffs insist on the defendants recognizing in the deed of partition a servitude of passage over the very location of a former road through the main tract. It is obvious that such road does not constitute, *per se*, a servitude as the tract was a single estate which had belonged to the father of the litigants and the fact that the same is going to partitioned does not bind the defendants to recognize said road as constituting a servitude, because the way in which the plaintiffs seek to establish the same, in accordance with the plat prepared by surveyor Llaugier, divides into three portions the parcel of defendants Sariego-Selosse."

The appellants maintain that the lower court erred in not holding that Magdalena Selosse Augy owns one-fifth interest in the tract in question, and in failing to order that the proper deed be executed to her as the title to the parcel allotted to her; and that it also erred in not ordering the execution of the deed of partition and allotment of the five parcels described in the complaint.

■ The plaintiffs' evidence was as follows:

Pedro González Iglesias, surveyor, testified: that he was engaged by the five Selosse heirs to make a survey of the tract; that he drew up the plat before him, which is a representation of the tract divided into parcels; that he drew up the plat in August, 1935, in accordance with the instructions given by the Selosse heirs; that they instructed him

to set apart a parcel for Magdalena Selosse, which appears on the plat under her name; that there was through the tract a road serving all the parcels but that he did not mark it on the plat; that the tract does not adjoin any road on any of its boundaries. The plat so identified was admitted without objection (Plaintiff's Exhibit 1).

Víctor E. Llaugier, a civil engineer, testified: that he was engaged by the five Selosse heirs to check up certain data and to mark on a plat certain easements of right of way, of acqueduct, of drainage, and a road crossing the tract; that he used for his work the plat drawn up by surveyor González Iglesias (exhibit 1 of plaintiffs); that the tract is crossed by a road connecting all the parcels, which starts at parcel A belonging to Guillermo Selosse and goes through parcel B belonging to Margarita Selosse; that he drew up the new plat in August, 1935; that when he went over the ground he found all the parcels fenced off; that the old road starts at the parcel of Guillermo Selosse and goes through that of Margarita dividing it into three portions; that upon finishing the plat he delivered it to Margarita Selosse; that he did not receive any instructions from either Margarita Selosse or her husband, and that the latter spouses neither accepted the plat nor made any objections to it. The plat was admitted without objection and marked "Plaintiffs' Exhibit 2"

Gilberto Selosse testified: that his sister Margarita and her husband, commissioned him to represent them in the preparation of the plat to mark the easement of right of way; that the road that appears on the plat (exhibit 2 of plaintiffs) has been in use ever since he was a little boy and that it was the only way out of the estate; that the road in question has been used by all the owners of the five parcels ever since 1935 when the tract was partitioned; that Margarita uses that road to go out of her parcel as there is no other way out; that the partition was going to be made

in accordance with the plat; that the road is also included in the partition; that the shape of the parcel allotted to Margarita is as shown on the plat, because she herself asked for it so that her house should be surrounded by fruit trees; that Margarita and her husband saw the plat (exhibit 2) at a family meeting and accepted it, just as the other co-owners did.

The defendants submitted as evidence the same plat (exhibit 2) introduced by the plaintiffs and oral evidence consisting of the testimony of Margarita Selosse and her husband. Both denied having given their approval to the plat prepared by Llaugier, and maintained that the partition deed had not been signed on account of the road over which it is sought to establish a servitude of passage. The attorney for the plaintiffs testified in rebuttal and maintained that the defendants had accepted the plat of Llaugier (exhibit 2 of the plaintiffs), and that he prepared the draft of the deed of partition in accordance with the instructions from said defendants:

The conflict in the evidence, as to whether or not the defendants accepted the plat prepared by Llaugier, was resolved by the lower court against the plaintiffs, and there would be no justification for our intervention in order to sustain a different conclusion from that set forth by the trial judge. Moreover, if we held that said plat was actually accepted by the defendants as a true description of the parcels and of the road existing on the tract in 1935 and prior to its division into parcels, we would have to maintain also that nothing appears from the evidence to justify the conclusion that the defendants ever committed themselves to recognize the existence of the old road as constituting a servitude of passage upon the parcel allotted to them and in favor of the parcel allotted to plaintiff María Augy.

We think, however, that it was error for the lower court to dismiss the complaint. The facts alleged in the

complaint and admitted in the answer are, in our judgment, sufficient to justify finding for the plaintiff and congruent with the prayer of the complaint. Parcel *A,* belonging to plaintiff María Augy, is described in the complaint as follows:

"Parcel of land lying in the Hato Rey barrio of the municipal district of Río Piedras, P.R. Its area measures 30,032 square meters, equivalent to 7.64 *cuerdas.* It is bounded as follows: on the north by parcel *B,* part of the main estate (allotted to Margarita Selosse) ; on the east by the track of the American Railroad Company of Porto Rico, along which boundary there runs a drainage easement in favor of the Municipality of Río Piedras and the proposed road for use by the parcel; on the south by lots respectively belonging to Juan B. Ortiz, Heirs of Elvira Matos, H. Próspero, Ramón Torres, and Manuel Colón, and also by the estate of Alfonso González and formerly of the Heirs of Manuel González; and on the west also by the estate of Alfonso González. There is on this parcel a frame building with galvanized iron roof, used as a dwelling house."

Parcel *B* alloted to defendant Margarita Selosse is described as follows:

"Parcel of land lying in the Hato Rey barrio of the municipal district of Río Piedras, P.R. Its area measures 30,032 square meters, equivalent to 7.64 *cuerdas.* It is bounded as follows: on the north by parcel C, part of the main estate (allotted to Magdalena Selosse) ; on the east by the track of the American Railroad Company of Porto Rico, along which boundary there runs a drainage easement in favor of the municipality of Río Piedras and the proposed road to serve the parcels, and by parcel *A* (allotted to Guillermo Selosse and now belonging to María Augy); on the south by the same parcel *A;* and on the west by the estate of Alfonso González and which formerly belonged to the Heirs of Manuel González. There is built on this parcel a frame structure with wood and concrete floors and galvanized iron roof, used as a dwelling house. A shed with concrete floor and galvanized iron roof; an artesian well with its pump and a concrete building, with concrete floor and roof. It adjoins on the north also artesian well No. 2 belonging to the Municipality of San Juan."

As may be seen, nowhere in the two foregoing descriptions —nor in those of the other three parcels—is any mention made of the old road, nor of the existence or acknowledgment of any easement of right of way upon any definite parcel and in favor of anybody. No pronouncement at all is requested in the prayer of the complaint concerning the existence of such easements of right of way. The only request is for the acknowledgment by judicial order of the existence and validity of an actual partition carried out by the five co-owners of the estate with a view to the recording, respectively by each co-owner in his name, of the parcel so alloted to him and possessed by him ever since 1935; and it is specifically requested that there be executed the proper deed of partition and allotment of the five parcels ''just as they appear in paragraph XI of the complaint.''

Defendants Margarita Selosse and her husband do not object to the partition and allotment sought, provided they are not compelled to recognize, against their will, the existence in favor of plaintiff María Augy of a servitude of passage through their parcel over the location of the old road used by the co-owners prior to the partition. And as they acknowledge that because of the fact that the parcel of plaintiff María Augy is entirely surrounded by the parcels allotted to the defendants, the latter are bound to grant the right of way to the plaintiff without compensation (sections 501, 502 and 503 of the Civil Code), the defendants have alleged in their answer that ''they are willing to grant a servitude of passage over the shortest and more convenient way for both parcels.''

The judgment appealed from must be reversed and another rendered in lieu thereof, with the following pronouncements:

1. Approving as valid and obligatory on all the contracting parties the actual partition made of the estate by all its co-owners in 1935 and ordering María Augy Mathelin, Gilberto Selosse Augy, and Magdalena Selosse Augy, plaintiffs,

and Luis Sariego and his wife Margarita Selosse Augy, and Marcelino Selosse Augy and his wife Tomasa Mas, defendants, to execute a public deed of partition and allotment of the parcels described in paragraph XI of the complaint, said parcels to be allotted as follows: parcel *A* to María Augy Mathelin, as heir to her son Guillermo Selosse Augy; parcel *B* to Margarita Selosse Augy, married to Luis Sariego; parcel *C* to Magdalena Selosse Augy; parcel *D* to Marcelino Selosse Augy; and parcel *E* to Gilberto Selosse Augy. The partition and allotment shall be carried out, taking as a basis the plat of the parcels prepared in August, 1935, by surveyor Pedro González Iglesias and accepted by all the interested parties.

2. Decreeing that the above deed of partition and allotment to be executed shall not prejudice any right to which plaintiff María Augy Mathelin may be entitled, as the owner of parcel *A*, to demand a right of way, without compensation, through parcel *B* belonging to defendants Margarita Selosse and Luis Sariego; and without prejudice either to the statutory right of said defendants, as the owners of the servient tenement, to grant such right of way through that part thereof least prejudicial to said servient tenement.

3. Adjudging the defendants to pay the costs, without including attorney's fees.

Mr. Justice Todd, Jr., took no part in the decision of this case.